**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**EARTHGRAINS BAKING COMPANIES, INC, a wholly owned subsidiary, Respondent.**

No. 03–72841.

NLRB No. 20–CA–30575.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 9, 2004.*

Decided Dec. 20, 2004.

James M. Oleske, Washington, DC, for Petitioner.

Aileen A. Armstrong, Esq., Fred L. Cornnell, Esq., National Labor Relations Board Office of the General Counsel, Washington, DC, Timothy A. Davis, Costangy, Brooks & Smith, Kansas City, MO, for Respondent.

---

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**162**

Before KOZINSKI, W. FLETCHER, and BYBEE, Circuit Judges.

### MEMORANDUM **

The Board first argues that we do not have jurisdiction to entertain Earthgrains' arguments on appeal because they were not made in its brief in support of exceptions to the ALJ's decision. We disagree. It is not the supporting brief but the exceptions themselves that this Court looks to when determining whether an argument has been properly preserved by a party. *See, e.g., Hosp. & Serv. Employees Union, Local 399 v. NLRB,* 743 F.2d 1417 (9th Cir.1984). Though Earthgrains properly preserved its arguments for this appeal, we disagree with those arguments. The law is well settled that placing the onus on the union for employees not receiving anticipated wage increases violates Section 8(a)(1) of the Act by actively interfering with the employees' statutory right to "self-organization." *See, e.g., Earthgrains Co.,* 336 N.L.R.B. 1119 (2001) ("[T]he employer must assure the affected employees that (1) the benefits will be granted regardless of the election results, (2) the sole purpose of the postponement is to avoid the appearance of influencing the election outcome, and (3) the onus for the postponement is not placed upon the union.") (internal quotation marks omitted), *enforced mem.,* 61 Fed.Appx. 1, 7–8 (4th Cir.2003).

Here, the ALJ properly concluded that the wage increase was "anticipated," "expected" and "normal." He also found that the plant manager told the plant employees that the Union was "preventing" the wage increase and her hands were "tied" while miming that her hands were being tied. These statements and actions improperly placed the onus of a

** This disposition is not appropriate for publication and may not be cited to or by the

wage increase postponement on a union in violation of Section 8(a)(1). The Board's petition for enforcement of its order is therefore GRANTED.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.